IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03441-M-RJ

GALEN LAMONT MILLER, )
)
          Plaintiff, )
)
v. ) ORDER
)
NEW HANOVER COUNTY SHERIFF'S )
DETENTION OFFICERS, et al., )
)
          Defendant. )

This cause is before the court on defendant's pending motions to dismiss the complaint. See Mot. [D.E. 26, 34]. For the reasons discussed below, the court denies as moot this first motion to dismiss and dismisses without prejudice as premature this second motion to dismiss.

Relevant Procedural History:

On December 5, 2022, Galen Lamont Miller ("plaintiff"), a state inmate proceeding without prepayment of fees, filed *pro se* a complaint under 42 U.S.C. § 1983. [D.E. 1, 2, 9].

Plaintiff generally alleges violations of his Eighth Amendment rights at the New Hanover County Detention Center (the "Detention Center") on August 17, 2021, and names as defendants Lieutenant Spruill ("defendant") and unidentified John Doe officers. Compl. [D.E. 1] at 5–7. For relief, plaintiff seeks "monetary compensation." Id. at 8.

On June 27, 2023, the court conducted initial review, allowed the action to proceed against defendant, but dismissed without prejudice the John Doe officers as defendants. Order [D.E. 18].

On August 9, 2023, plaintiff moved for the preservation of evidence. Mot. [D.E. 25].

On August 14, 2023, defendant filed the first pending motion to dismiss the complaint for failure to state a claim, Mot. [D.E. 26], and a memorandum in support [D.E. 27].

The court sent plaintiff a "Rule 12" letter notifying him about the motion to dismiss, the consequences of failing to respond, and the response deadline. [D.E. 28] (citing Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam) ("Roseboro")).

On August 25, 2023, plaintiff filed a motion seeking an extension of time both to amend the complaint and to respond to defendant's first pending motion to dismiss. See Mot. [D.E. 29].

On August 30, 2023, plaintiff filed a motion to appoint counsel. Mot. [D.E. 30]. Defendant responded in opposition to this motion. [D.E. 31].

On September 10, 2023, the court: granted in part plaintiff's motion to preserve available video evidence and documentation at the Detention Center involving the relevant August 17, 2021, incident; granted in part plaintiff's motion for an extension of time to amend the complaint and file a response to defendant's motion to dismiss; and denied plaintiff's motion to appoint counsel. See Order [D.E. 32].

On September 26, 2023, plaintiff filed an amended complaint and a response in opposition to defendant's first pending motion to dismiss. See Am. Compl. [D.E. 33].

On October 3, 2023, defendant filed the second pending motion to dismiss the complaint for failure to state a claim, Mot. [D.E. 34], together with a memorandum in support [D.E. 35].

Pursuant to Roseboro, the court sent plaintiff a "Rule 12" letter notifying him about the motion to dismiss, the consequences of failing to respond, and the response deadline. [D.E. 36].

On October 23, 2023, plaintiff filed a response in opposition to defendant's second motion to dismiss. [D.E. 37].

2

Discussion:

First, as defendant acknowledges, see Defs.' Mem. [D.E. 35] at 3, the first pending motion to dismiss [D.E. 26] was mooted by plaintiff's timely filing of an amended complaint.

Next, because the court has not conducted its initial review of the amended complaint, see 28 U.S.C. §§ 1915, 1915A, defendant's second pending motion to dismiss [D.E. 34] is premature.

The court now conducts initial review of the amended complaint under 28 U.S.C. § 1915A and, for the reasons discussed below, directs plaintiff to file an amended complaint.

1) Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A pro se plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009).

3

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

2) Plaintiff's Complaint and Amended Complaint:

Plaintiff's initial complaint specifically alleges: at the Detention Center on August 17, 2021, he was housed in Cell 225 of Dormitory M; defendant "tasked officers under her command with bringing [plaintiff] to intake"; John Doe detention officers entered his cell and surrounded him, but "no order to sit, submit, or face the wall [was] given"; plaintiff told the officers, "You all know what you came [here] for so come on with it"; the John Doe officers beat him to the floor where he was pinned and handcuffed behind his back; when he asked why he was being hit, "the officer hitting [him] began yelling stop resisting"; officers were "on every side of [him and pinned him] face first to the floor with their knees pressing upon [him] with their strength and weight"; some officers had "hand holds of the shirt [he] wore[,] pulling [and] strangling [him]"; he couldn't "take in air"; he stated he could not breathe several times before passing out; "officers say stop resisting but [he was] not"; after he regained consciousness, officers pushed and pulled his arms in "unnatural positions, twisting the cuffs"; he still carries "some of the bruises and it's still undetermined what's wrong with [his] shoulder"; Corporal Marshall ordered the handcuffs be loosened; "Upon being locked into a holding cell, Nurse Eunice gave [him Tylenol], but was rudely

4

interrupted by [defendant justifying] her actions"; he was "transported in the condition [he] was in with no medical assessment, no statement, and later told that [he] refused treatment which [was] a lie"; when he arrived back at Scotland C.I., Captain Gause ordered photographs, a medical assessment, and "a statement to be written [sic]"; and his injuries were "swelling, bruising, deprivation of oxygen, limited use of a limb, [and] mental abuse [sic]." Compl. [D.E. 1] at 5–8.

In his amended complaint, plaintiff seeks to raise a "Fourteenth Amendment Due Process Claim based on a denial of adequate medical care made possible by" defendant 1) "interrupting medical personnel in the process of performing required 'duty,'" and 2) "being uncooperative to medical personnel attempting to perform required function [sic]." Am. Compl. [D.E. 33] at 1. Plaintiff contends that, pursuant to 28 C.F.R. § 552.26(b), he should have "been examined and any injuries noted immediately treated [sic]." Id. Plaintiff alleges:

> Having years of training and experience coming up through the ranks to hold a position of authority having command and control of the jail[,] [defendant] also knew that the Plaintiff was suffering from pain of injuries inflicted by the detention officers that were (supposedly) sent to escort the Plaintiff to intake, but used excessive amounts of force. (a) Beating the Plaintiff, (b) Strangling the plaintiff even though the Plaintiff made it known to the officers that he could not breathe, (c) while in handcuffs and unconscious placing the Plaintiff into a device limiting movement to #0 [sic], and (d) twisting the handcuffs and pushing the plaintiff's arms in unnatural positions. These listed "actions" by unnamed detention officers all show the wanton behavior to inflict Pain on the Plaintiff; these "actions" also show the willingness to these detention officers "Intent" and there [sic] "Action" should speak loudly to this court . . . . This was clear "reckless disregard" to the safety, health, and protection of prisoners . . . . [If] not for Supervisory Official Corporal Marshall, intervening[,] stating in a loud voice (what's going on – loosen them cuffs, and pull up his pants) [sic] the injuries would have been worse. Plaintiff was carried out of cell #225 in "M" dormitory, and when he arrived into the hallway [sic] was asked by Corporal Marshall if he could[,] would he walk[?] Plaintiff walked the best he could wearing the device limiting movement when some of the straps were loosened. Corporal Marshall asked Plaintiff what happened[.] Plaintiff responded stating (I'm tired and tired of this) [sic].

5

> On orders from [defendant,] Plaintiff was escorted "<u>Past</u>" the medical department .
> . . to a holding cell outside of intake where 'Nurse Eunice' [sic] arrived to perform
> in her function as qualified health Personnel.   Seeing the Plaintiff through the view
> port of the holding cell[,] she offered two Tylenol through the food serving slot and
> Plaintiff accepted them.   Before Nurse Eunice could continue with the limited
> assessment of the Plaintiff, [defendant] rudely interrupted[,] stating while waving
> a sheet of paper that she had an order to have plaintiff in intake by 4:00 am.
> Plaintiff asks this court, what does that have to do with receiving medical attention
> that [defendant] prevented the plaintiff from receiving due to her actions and orders
> where body and mounted facility cameras recorded everything [sic].

<u>Id.</u>

3) Analysis:

First, 28 C.F.R. § 552.26(b) addresses medical attention after use of force and application of restraint incidents in the Federal Bureau of Prisons.   Because plaintiff is not alleged to be a federal inmate, his attempted reliance on this regulation is wholly inapt.

Next, because plaintiff was a state inmate on August 17, 2021, his claims sound under the Eighth Amendment, not the Fourteenth Amendment's Due Process Clause.   Cf. <u>Kingsley v. Hendrickson</u>, 576 U.S. 389, 400 (2015); <u>see</u> N.C. Dpt. Of Adult Correction, Offender Pub. Info., https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0281769&searchOffenderId=0281769&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (search by inmate number) (last visited Feb. 29, 2024).

Although the court found the Eighth Amendment claims against defendant and the John Doe officers, as alleged in the initial complaint, were not clearly frivolous, <u>see</u> Order [D.E. 18], the amended complaint, premised on the Fourteenth Amendment and 28 C.F.R. § 552.26(b), fails to state a viable cause of action as to defendant and fails to identify the John Doe officers. Nevertheless, the court will allow plaintiff another opportunity to amend his complaint.   See <u>Goode v. Cent. Virginia Legal Aid Soc'y, Inc.</u>, 807 F.3d 619, 628 (4th Cir. 2015).

Due to the unusual circumstances of this case, the court directs defendant to provide plaintiff a copy of any Detention Center incident report or similar documents regarding the alleged August 17, 2021, events that may assist him in discovering the identities of the John Doe officers. Plaintiff then shall file <u>one</u> amended complaint raising all claims against defendant and the John Doe officers and identifying these John Doe officers. <u>See</u> Fed. R. Civ. P. 8 (providing that, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). Any amended complaint will be subject to initial review, <u>see</u> 28 U.S.C. §§ 1915(e)(2)(B), 1915A, and will be considered the complaint in its entirety; the court will not review plaintiff's earlier filings to discern any misplaced claims.

## Conclusion:

In sum, the court: DENIES AS MOOT the first motion to dismiss [D.E. 26]; DISMISSES WITHOUT PREJUDICE the premature second motion to dismiss [D.E. 34]; DIRECTS defendant, in compliance with the above directions, to produce for plaintiff any available incident report or similar documents as to the alleged August 17, 2021, events within fourteen (14) days from the date of this order; DIRECTS the clerk to send plaintiff the forms for filing an amended complaint; DIRECTS plaintiff to file on the correct forms one amended complaint in compliance with the above directions by April 5, 2024; STAYS all deadlines until the court conducts initial review of any amended complaint; and WARNS plaintiff that, if he fails to file an amended complaint within the time provided, the action will be dismissed without prejudice for failure to prosecute.

SO ORDERED this 1st day of March, 2024.

RICHARD E. MYERS II
Chief United States District Judge