IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03441-M-RJ

GALEN LAMONT MILLER, )
 )
        Plaintiff, )
 )
v. ) ORDER
 )
NEW HANOVER COUNTY SHERIFF'S )
DETENTION OFFICERS, et al., )
 )
        Defendant. )

This cause is before the court on plaintiff's pending motions. See [D.E. 63, 65, 66].

In his August 14, 2024, motion for "representation and preservation of evidence [sic]," plaintiff asks the court to appoint North Carolina Prisoner Legal Services, Inc. ("NCPLS") "to represent the plaintiff through the discovery period, cross examination of witnesses, etc." Mot. [D.E. 63] at 1. Plaintiff states, he "would like to collect statements from Corporal Marshall," an employee at the New Hanover County Detention Center ("Detention Center") who was present during the events of August 17, 2021. Id. Plaintiff asserts he is "unable to complete acts made by an attorney involving questioning, collecting evidence that is of a nature that the plaintiff cannot possess it because of his status as a prisoner [sic]." Id. Plaintiff contends that he was told by North Carolina Department of Adult Correction ("DAC") officials that his medical records are confidential and "off limits without a court order." Id. Plaintiff further notes that the nurse at the Detention Center is an employee of WellPath, an organization that likely has evidence of plaintiff's encounter with the nurse on the relevant date. Id. Plaintiff reiterates that he is indigent and asks the court to "extend the order pertaining to preservation of evidence." Id.

Defendants oppose the motion as to the appointment of counsel but take no position to the extent plaintiff seeks "to extend the order pertaining to preservation of evidence." See [D.E. 64].

In his August 28, 2024, motion, plaintiff seeks an extension of time to answer defendants' interrogatories and discovery requests, notes that DAC officials have warned him that he may not possess his medical file, but that he needs his medical records to answer defendants' discovery requests, and he reiterates his request for appointment of NCPLS as counsel. See Mot. [D.E. 65].

In his August 29, 2024, motion, plaintiff reiterates that he is seeking medical records in the possession of the DAC. See Mot. [D.E. 66]. Plaintiff later filed a letter from the DAC informing him that he requires a court order for the release of his medical records. See [D.E. 68].

Discussion:

As an initial matter, there is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024); Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court for S. Dist. Court for S. Dist. Of Iowa, 490 U.S. 296, 300 n.2 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). Exceptional circumstances exist where (1) "the plaintiff 'has a colorable claim'" and (2) "considering the claim's objective complexity and the plaintiff's subjective abilities, . . . the plaintiff 'lacks the capacity to present it.'" Jenkins, 109 F. 4th at 247 (quoting Whisenant, 739 F.2d at 162). In making this determination, a district court must assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Id. at 248.

Because plaintiff's claims, although nonfrivolous, are not difficult, and because his filings demonstrate his ability to adequately present them, the court DENIES appointment of counsel.

Next, because plaintiff has shown good cause for a court order directing production of his relevant medical records in the possession of the DAC, the court GRANTS in part his motions.

To the extent plaintiff seeks to compel medical records purportedly held by defendants or WellPath, he failed to certify attempts to meet and confer, see Fed. R. Civ. P. 37(a)(1), or comply with the requirements of Local Civil Rule 7.1(c), and the court DENIES IN PART these motions.

### Conclusion:

In sum, the court: GRANTS IN PART the motions to the extent plaintiff seeks a court order for DAC medical records relevant to his alleged August 17, 2021, injuries at the Detention Center, and to the extent he seeks "to extend the order pertaining to preservation of evidence," but DENIES the motions to the extent he seeks to compel discovery [D.E. 63, 65, 66]; DENIES the motions to appoint counsel [D.E. 64, 65]; and GRANTS IN PART the motion to extend time [D.E. 65].

The court AMENDS the scheduling order as follows: 1) All discovery will be commenced in time to be completed by January 7, 2025; and 2) All motions, except those relating to the admissibility of evidence at trial, shall be filed by February 7, 2025.

The court further DIRECTS the clerk to send a copy of this order to the North Carolina Attorney General's Office Head of Public Safety Section Alex Williams to ensure that plaintiff has access to relevant DAC medical records by November 5, 2024.

SO ORDERED this 22d day of October, 2024.

RICHARD E. MYERS II
Chief United States District Judge